IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:17-CV-516-FL

| WANDA HUDSON, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | ORDER |
| STATE FARM INSURANCE | ) |  |
| COMPANY; NATIONWIDE | ) |  |
| INSURANCE COMPANY; | ) |  |
| ENTERPRISE RENTAL CAR; | ) |  |
| WAKEMED HOSPITALS OF CARY, | ) |  |
| NC; AND ROCK QUARRY ROAD | ) |  |
| FAMILY MEDICINE, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

This matter is before the court on plaintiff's motion to strike the court's court's order and motion for a directed verdict (DE 45). The court construes these motions as a motion to amend or alter judgment under Fed. R. Civ. P. 59(e). Also before the court is defendant State Farm Insurance Company's ("State Farm") motion for reconsideration and motion for stay regarding its order on defendant's motion to dismiss and order on motion for miscellaneous relief (DE 49). The court addresses each motion in turn.

**COURT'S DISCUSSION**

A.  Plaintiff's motion to amend or alter judgment

Plaintiff makes a variety of arguments challenging the court's order dated July 9, 2018 dismissing the case.

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(e). The court may grant such a motion only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012). A Rule 59(e) motion "is an extraordinary remedy that should be applied sparingly." Id.

Plaintiff's does not set forth a basis for amending or altering the judgment in this case. Mere disagreement with the court's decision is insufficient to amend or alter the court's judgment. For the reasons stated in its previous orders, plaintiff's legal assertions are without merit. Having failed to show an intervening change in controlling law or a clear error of law, the court denies plaintiff's motion.

B.    Defendants' Motion for Reconsideration and Motion to Stay

Defendant State Farm asks the court to reconsider its motion to dismiss, arguing that it did raise the issue of plaintiff's state law claims in its motion to dismiss, and therefore such claims should be adjudicated in federal court.

While the court misstated that defendant State Farm did not raise issues of plaintiff's state law claims in its order dated July 9, 2018, those statements are dicta and do not change the court's holding in its order. Defendant State Farm's claims for which it seeks reconsideration are all state law causes of action: 1) negligence, 2) breach of contract, and 3) bad faith denial of insurance coverage. As the court noted in its order, it declined to exercise supplemental jurisdiction over those state law claims, remanding them to state court for further proceedings on the ground that removal of state law claims was premised upon the existence of federal claims, which are now dismissed.

28 U.S.C. § 1367(c)(3); see United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966). Having articulated its legal basis for declining to address defendant State Farm's motion to dismiss, the court denies defendant State Farm's motion for reconsideration as well.

**CONCLUSION**

For the reasons noted, plaintiff's motion to strike the court's court's order and motion for a directed verdict (DE 45) is DENIED. Defendant State Farm Insurance Company's motion for reconsideration and motion for stay (DE 49) is DENIED. The clerk is DIRECTED to notify the Fourth Circuit Court of Appeals of the disposition of these motions.

SO ORDERED, this the 3rd day of January, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge